Michael R. Fletcher (#027239)
Kylie A. Winkleblack (#032198)
minuteentries@fwlawyersaz.com
**FLETCHER & WINKLEBLACK, PLLC**
7047 E. Greenway Pkwy, Suite 380
Scottsdale, AZ 85254
Telephone: (480) 245-4483
*Attorneys for Plaintiff Dorre*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Chapter 7 Proceedings |
| LEONARD SUSTAITA, JR., | Case No. 2:20-BK-01222-EPB |
| Debtor. | **MOTION FOR SUMMARY JUDGMENT** |
| VAHNITA LYNN DORRE, fka VAHNITA LYNN WILLIAMSON, | |
| Plaintiff, | Adversary No. 2:20-ap-00192 |
| v. | |
| LEN SUSTAITA, aka LEONARD SUSTAITA, JR.; YVONNE ANDRADE; ETX UX; ET AL, | |
| Defendants. | |

Pursuant to Rule 56, Fed. R. Civ. P., Plaintiff VAHNITA LYNN DORRE ("***Plaintiff***") hereby moves this Court to grant summary judgment in favor of Plaintiff and against Defendants LEN SUSTAITA ("***Sustaita***") and YVONNE ANDRADE (collectively with Sustaita, "***Defendants***"). No genuine dispute of material fact exists, and Plaintiff is entitled to judgment on Count I of the Complaint as a matter of law. Plaintiff's Motion is supported by the following discussion, attached Plaintiff's Separate Statement of Facts ("***PSSOF***"), and the entire file herein.

## I. FACTUAL BACKGROUND

Plaintiff and her then-husband, Tixoc Munoz ("***Munoz***"), previously owned the residential real property located at 25854 West Nancy Lane, Buckeye, Arizona 85326 (APN 504-40-011) (the "***Property***"). (PSSOF ¶ 1). On January 1, 2010, Munoz individually entered into a sales contract to sell the Property to Defendants (the "***Contract***"). (PSSOF ¶ 2). The purchase price was for $125,000.00, with a fixed interest rate of 8% and a 30-year term. (PSSOF ¶ 3). The Contract further stated that "[u]pon payment of all amounts due to Seller, Seller agrees to deliver to Buyers a Statutory Warranty Deed." (PSSOF ¶ 5).

Defendants took possession of the Property and began making payments on the Contract. (PSSOF ¶ 6.) On April 5, 2010, in breach of the Contract, Defendants recorded a General Warranty Deed executed by only Munoz. (PSSOF ¶ 7).

On March 22, 2017, Plaintiff and Munoz divorced, and Plaintiff was awarded Munoz's interest in the Property. (PSSOF ¶ 7). In September 2018, Defendants stopped making payments on the Contract, thus breaching the Contract. (PSSOF ¶ 8). Munoz assigned his interest in the Contract to Plaintiff in November 2018. (PSSOF ¶ 9). Despite notice and demand, Defendants made no further payments on the Contract after September 2018. (PSSOF ¶ 10). The outstanding balance of $112,506.68 remains on the Contract (the "***Outstanding Balance***"). (PSSOF ¶ 11).

On December 17, 2020, pursuant to A.R.S. § 33-743, Plaintiff provided Defendants with Notice of Election to Forfeit (the "***Notice***") the Contract via certified mail. (PSSOF ¶ 12). The Notice was recorded with the Maricopa County Recorder, Record No. 20201253441. (PSSOF ¶ 13). Payment of $28,250.07 by January 6, 2020 was required to reinstate the Contract pursuant to A.R.S. 33-742. (PSSOF ¶ 14). Defendants failed to reinstate the Contract during the statutory period provided in the Notice. (PSSOF ¶ 15).

## II. LEGAL DISCUSSION

Rule 56(a), Fed. R. Civ. P., states, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A "material fact" is one that is relevant to an element

of a claim or defense and whose existence might affect the outcome of lawsuit. *TW Elec. Service v. Pacific Elec. Contr.*, 809 F.2d 626, 629 (9th Cir. 1987). Only disputes over material facts will preclude the entry of summary judgment, and "the disputed evidence must be 'such that a reasonable jury could return a verdict for the nonmoving party.'" *Soilwork, LLC v. Midwest Industrial Supply, Inc.*, 575 F. Supp. 2d 1118, 1124 (D. Ariz. 2008), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 248 (1986).

Where a purchaser has paid less than twenty percent of a purchase contract price, forfeiture of a purchaser's interest in real property may be enforced thirty days after non-payment. A.R.S. § 33-742(D). If the purchaser is "in default by failing to pay monies due under the contract, a seller may… after serving the notice of election to forfeit stated in section 33-743, complete the forfeiture of the purchaser's interest in the property." A.R.S. § 33-742.

After expiration of the reinstatement period provided by A.R.S. § 33-743, the seller may complete the forfeiture via judicial means by filing an action against the purchaser and declaring the purchaser's interest forfeited and to quiet title to the property in the seller. A.R.S. § 33-744.

In this case, there is no dispute that Defendants entered into the Contract and that Plaintiff was assigned Munoz's interest in the Contract. The terms of the Contract expressly conditioned delivery of a warranty deed for the Property "upon payment of all amounts due." Further, Sustaita admitted in his Answer that the Contract was for the purchase of the Property and that they made payments thereon. Based on the stipulated facts in this case, Defendants cannot present a question of fact as to Defendants' obligations thereunder. Additionally, Sustaita admitted in his Answer that they ceased making payments on the Contract in September 2018, and he failed to deny that $112,506.68 remains outstanding on the Contract.

As a result, no material dispute of fact exists as to Count I of Plaintiff's Complaint. Defendants have paid less than twenty percent of the contract price, and far more than thirty days have passed since nonpayment on the Contract. Plaintiff has complied with the requirements of A.R.S. § 33-742 *et. seq.* and thus declares that Defendants' interest in the real property is forfeit. Therefore, as a matter of law, Plaintiff is entitled to an Order quieting title

in and against the Property and is further entitled to a judgment for her costs and attorneys' fees pursuant to A.R.S. § 12-341 and 12-341.01.

### III.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court grant her summary judgment on her claim for breach of contract, and issue an order granting the following relief:

A.    That Plaintiff be granted a final judgment as to Count I of the Complaint pursuant to Rule 54(b), Fed. R. Civ. P;

B.    Quieting title to the Property in favor of Plaintiff and that Defendants be forever barred and precluded from claiming or asserting an interest in the Property contrary thereto;

C.    An award of Plaintiff's costs and attorneys' fees incurred herein pursuant to A.R.S. § 12-341 and 12-341.01;

D.    Such other and further relief as the Court deems just and appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 28th day of January, 2021.

**FLETCHER & WINKLEBLACK, PLLC**


By: */s/ Kylie A. Winkleblack, Esq.*
    Michael R. Fletcher
    5450 E. High Street, Suite 330
    Phoenix, AZ 85054
    *Attorney for Plaintiff*

**ORIGINAL e-filed** this
28th day of January 2021, with:

Clerk of US Bankruptcy Court
District of Arizona




**COPIES** emailed and
mailed the same day to:

1 | Len Sustaita
2 | Yvonne Andrade
25854 West Nancy Lane
3 | Buckeye, AZ 85326

4 | Terry A. Dake, Esq.
5 | 20 E. Thomas Rd., Suite 2200
Phoenix, AZ 85012-3133
6 |
7 | By: */s/ Kylie A. Winkleblack*